PETER F. MUSIELSKI, 82486
LAW OFFICES OF PETER F. MUSIELSKI
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
Telephone:  714-558-1773
Facsimile:  714-599-9073
E-Mail:  musielskilaw@yahoo.com

Attorney for Plaintiff, Lela Weems by her
Attorney in Fact, Ubiquity Recordings Inc.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lela Weems by her Attorney in Fact Ubiquity Recordings Inc. <br>    Plaintiff, <br><br> vs. <br><br> Odd Future Records, LLC a California Limited Liability Company aka Odd Future Records, Tyler Gregory Okonma, aka Tyler The Creator, Sony Music,Sony ATV Music Publishing, Golf Wang Steak Sauce BMI,MTV, Sony Red Distribution, Columbia Records and Does 1 to 10 <br>    Defendants. | CASE NO: <br><br> JUDGE: <br> DEPT: <br><br><br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT

_____

Plaintiff, Lela Weems by her attorney in fact UBIQUITY RECORDINGS INC., is the successor in interest by operation of law to the estate of Herman Lee Weems (deceased), and the sole owner of all rights, titles and interest in the copyright which is the subject of this action and has been the sole owner of all copyrights which is the subject of this action prior to and during all copyright violations and infringements which are alleged in this action. Allegations are on information and belief, except as to the allegations regarding Plaintiff and the rights she asserts herein alleges as follows:

## INTRODUCTION

A. Plaintiff, UBIQUITY RECORDINGS INC., is the attorney in fact to the authorized successor-in-interest to the copyright owner and administrator for publishing of the musical composition which is the subject of this action and has a beneficial interest in and to the copyright which is the subject of this action. By

COMPLAINT FOR COPYRIGHT INFRINGEMENT

bringing this action for Copyright Infringement, Plaintiff seeks relief against an ongoing pervasive and willful theft of its copyrighted composition by the Defendants. The Defendants have deliberately distributed and made unauthorized copies of Plaintiff's copyrighted musical composition, and has incorporated the unauthorized musical composition in their sound recordings, videos, streaming, downloads, live performances and musical compositions. Despite Plaintiff's request, the Defendants have refused and continue to refuse to stop this ongoing infringement. The Plaintiff seeks declaratory and injunctive relief, damages and statutory damages for willful Copyright Infringement.

B. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and

thereon alleges that each of the fictitiously named Defendants is responsible and in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

**NATURE OF THE CASE**

1. Plaintiff brings this action seeking declaratory, injunctive and monetary relief against Defendants, Odd Future Records, LLC a California Limited Liability Company aka Odd Future Records, Tyler Gregory Okonma, aka Tyler The Creator, Sony Music, Sony ATV Music Publishing, Golf Wang Steak Sauce BMI, MTV, Sony Red Distribution and Columbia Records, (hereinafter Defendants), which commercially sells and distributes sound recordings including musical works by CDs, videos, live performances, streaming and downloading from the Internet.

2. In order to commercially sell and distribute the musical works, the Defendants have made unauthorized copies of the copyrighted works specified below,

("Copyrighted Works"), onto CDs, phonorecords, videos, live performances, streaming and Internet downloading which willfully infringes on Plaintiffs Copyrights in violation of the Copyright Act, 17 U.S.C. § 101 et Seq. ("Copyright Act"): The Plaintiff has the exclusive right, among other things, to make reproductions of it's Copyrighted musical composition in all forms. This is the most sacrosanct of rights afforded copyright owners.

3. Plaintiff seeks a declaration that the Defendants unauthorized copying of Plaintiff's copyrighted musical composition by the Defendants willfully infringes on Plaintiff's copyrights in violation of the Copyright Act. Plaintiff further seeks injunctive relief prohibiting the Defendants from continuing to use or allowing any other service to use any infringing reproduction of Plaintiff's copyrighted musical composition. Plaintiff prays also for statutory damages for willful Copyright Infringement in the amounts specified in § 504 of the Copyright Act.

4. This Civil Action is seeking declaratory, injunctive and monetary relief for infringement under the Copyright Laws of the United States "17 U.S.C. § 101 et Seq.". The Court has jurisdiction over the subject matter of the action under 28 U.S.C. § 1331 and § 1338 (a). The Court has venue under 28 U.S.C. § 1391 (b) and (c) and 1400 (a).

5. The Court has personal jurisdiction over the Defendants because Defendants are doing business in this State and within this district by selling and offering its infringing reproduction of Plaintiff's copyrighted musical sound recordings and composition to the residences of this state in this district.

6. Plaintiff, Lela Weems is an individual, c/o UBIQUITY RECORDINGS INC. is a corporation duly organized and existing under the Laws of the State of California, with its principal place of business at 1010 W. 17th Street, Costa Mesa, California 92627.

7. Defendants Odd Future, LLC aka Odd Future Records is located at 10960 Wilshire Blvd, 5th Floor,

6
COMPLAINT FOR COPYRIGHT INFRINGEMENT

Los Angeles, California 90024; Tyler Gregory Okonma aka Tyler the Creator is an individual doing business in the State of California, County of Los Angeles; Sony Music is an entity unknown to this Plaintiff doing business at 9830 Wilshire Blvd, Beverly Hills, Los Angeles County, California; Sony ATV Music Publishing is an entity unknown to Plaintiff doing business at 10635 Santa Monica Blvd, Ste 300, Los Angeles, California 90025; Golf Wang Steak Sauce BMI is an entity unknown to this Plaintiff doing business in Los Angeles County California with its principal place of business located at 8 Music SQ W, Nashville, TN 37203; MTV is an entity unknown to this Plaintiff doing business at 1575 North Gower, Los Angeles California; Sony Red Distribution is an entity unknown to this Plaintiff doing business in Los Angeles County California; Columba Records is an entity unknown to this Plaintiff doing business in Los Angeles County California with its principal place of business at 550 Madison Ave, New York, NY 10022.

## COPYRIGHTED WORKS

8. UBIQUITY RECORDINGS INC. is the attorney in fact for the music publisher for the Copyrights in the musical composition **"Why Can't There Be Love"** written and composed by Herman Weems for which the register of Copyrights duly issued registration certificate No.Eu 203345 for the words and music.

9. Plaintiff is the owner of the exclusive rights under section 106 and 115 of the Copyright Act to the copyright with respect to the musical compositions and sound recordings embodied in their phonorecords, musical sounds and compositions which sound recordings and compositions are protected by Copyright.

## DEFENDANTS INFRINGING ACTIVITIES

10. Defendants without authorization sampled, copied and reproduced Plaintiff's copyright musical composition into Defendants commercial sound recordings, CDs, phonorecords, videos, live performances, streaming, and made available for downloading and streaming, in various audio and audio-

visual formats of Defendant's musical sound recordings containing Plaintiff's musical composition over the Internet and in all forms of media, without Plaintiff's authorization for the "Copyrighted Works" in this Complaint.

11. Defendants failed to enter into any agreement with Plaintiff for the composition licenses for the Copyrighted Works.  However, on and after April 13, 2015, Defendants made unauthorized use of the Copyrighted Works in their sound recordings, musical composition, phonorecords, CDs and Internet downloading and streaming of Plaintiff's copyrighted works in Defendants work known as "Deathcamp" and further infringement in Defendent's album entitled  "Cherry Bomb" and further in the instances of violations:

Album Release Dates:
CD/Digital - 04/13/15
Vinyl - 11/24/15
Digital single for Deathcamp released 04/09/15

Spotify:
https://open.spotify.com/album/621OhgnZJ7Pz8iUazct1In
(digital streaming released 04/13/15)

iTunes: https://itunes.apple.com/us/album/cherry-bomb/id983056044 (digital download + streaming released 04/13/15)

Amazon: https://www.amazon.com/Cherry-Bomb-Explicit-Creator-Tyler/dp/B00VXOM348/ref=sr_1_1?s=dmusic&ie=UTF8&qid=1501876193&sr=1-1-mp3-albums-bar-strip-0&keywords=tyler+the+creator+cherry+bomb (digital download + streaming released 04/13/15)

Google Play: https://play.google.com/store/music/album/Tyler_The_Creator_Cherry_Bomb?id=Bwlhgrgtnuvlcjqvdb2ymxws5p4&hl=en (digital download released 04/13/15)

Pandora: https://www.pandora.com/artist/tyler-the-creator/cherry-bomb-explicit/ALrprlKJmKt9lZw (digital streaming released 04/13/15)

Youtube: https://www.youtube.com/watch?v=Yk1HipdhdCU - audio track hosted by Sony released 04/14/15

https://www.youtube.com/watch?v=SCcVrLcGD7k - official music video – 2 song medley comprised of "Fucking Young" and "Deathcamp" (released 04/09/15 and violates both audio and synchronization usage as no license was issued)

Physical Album (Vinyl+CD)
https://www.discogs.com/TylerCreator-Cherry-Bomb/master/825518 (includes listing of all physical formats available)
https://www.amazon.com/Cherry-Bomb-Tyler-Creator/dp/B00VV5YOJG (release date 04/13/15)

Sync Placements:

10

COMPLAINT FOR COPYRIGHT INFRINGEMENT

https://www.tunefind.com/show/sweetvicious/season-1/38733#songs - MTV show "Sweet Vicious" Season 1 Episode 10 titled "Sweet Heroine" 01/24/17 air date

12. Plaintiff has on multiple occasions advised Defendants that the copying of its Copyrighted Works onto Defendants' musical works, phonorecords, CDs, videos, streaming and Internet downloading violates the exclusive statutory rights of the Plaintiff under the Copyright Act. Plaintiff has urged Defendants to stop its infringing activities. Defendants have refused to do so and continue to make unauthorized use of Plaintiff's Copyrighted Works.

### COUNT I

**(FOR COPYRIGHT INFRINGEMENT BY DEFENDANTS)**

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 as fully setforth herein.

14. The unauthorized use of Plaintiff's Copyrighted Works in Defendants' musical works, phonorecords, CDs, videos, live performances, streaming and downloading from the Internet infringes on Plaintiff's exclusive

rights under the Copyright Act. Defendants have willfully and with full knowledge of Plaintiff's Copyrights made infringing reproduction and use of Plaintiff's Copyrighted musical composition for the purpose of making musical works, phonorecords, CDs, sound recordings, videos, live performances, streaming and Internet downloading in order to market Defendants services and products.

15. As a direct and approximate result of the foregoing acts of infringement by the Defendants, Plaintiff has been and will continue to be irreparably injured.

16. Defendants infringement of the Copyrights in the Copyrighted Works has been and continues to be intentional, willful, and with full knowledge of Plaintiff's Copyrights.

17. As a direct and approximate result of the foregoing acts of infringement by Defendant, Plaintiff is entitled to damages and profits under § 504 of the Copyright Act, including statutory damages for willful

COMPLAINT FOR COPYRIGHT INFRINGEMENT

infringement in an amount that is to be established at Trial but not less than $150,000.00 for each infringement.

## COUNT II

### (Vicarious and Contributory Infringement of Copyrights.)

18. Plaintiff reincorporates herein by reference, each and every allegation contained in paragraphs 1 through 17, inclusive.

19..At all time relevant herein, on information and belief, Defendants have had the right and ability to supervise and/or control the infringing conduct without limitation, by preventing or terminating the use, duplication, distribution, exhibition, sale or reproduction of Plaintiff's copyrighted works in "Deathcamp" and "Cherry Bomb" but have failed to exercise such supervision and/or control. As a direct and proximate result of such failure, Defendants have infringed upon Plaintiff's copyrights including

Plaintiff's copyrighted composition as set forth above and/or elsewhere.

20. At all times relevant herein, Defendants derived a financial benefit from the infringement of Plaintiff's copyrights by advertising, selling, distributing, showing and exhibiting Defendants' work, on and after April 13, 2015 for a financial benefit. Plaintiff is informed and believes a fee was charged to view Defendants' work which infringed upon Plaintiff's copyrighted works. Plaintiff is informed and believes and on that basis states that Defendants' participation in the unauthorized use, reproduction, distribution, sale and exhibition of The Defendants' work containing Plaintiff's musical composition which attracted potential advertisers and investors for the promotion, and distribution of Defendants' work for a financial benefit.

21. On information and belief, the foregoing acts of infringement have been willful, intentional, and purposeful, in disregard to the rights of the Plaintiff.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

22. Defendants conduct, as alleged herein, constitutes a vicarious and/or contributory infringement of Plaintiff's copyrights, who has the exclusive rights under the Copyright Act, in violation of Sections 106, 115 and 501 of the Copyright Act, 17 USC §106, 115 and 501.

23. As a direct and proximate result of Defendants vicarious and/or contributory infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to damages and Defendants profits pursuant to 17 USC, §504 (b) for each infringement.

24. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000.00 for each infringement, or for such other amounts as may be proper under 17 USC, §504(c). Plaintiff is informed and believes, and on that basis alleges, that such statutory damages will exceed $750,000.00.

25. Plaintiff further is entitled to its attorney's fees and costs pursuant to 17 USC §505.

26. Defendants conduct, as herein above alleged, is causing and, unless enjoined and restrained by this court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 USC §502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of Plaintiffs copyrights.

## RELIEF

27. Wherefore, Plaintiff prays for judgment and relief as follows:

(a) For a declaration that Defendant has willfully infringed on the Copyrights of Plaintiff, in its "Copyrighted Works" by making unauthorized use and reproduction of said works as part of Defendant's commercial activities.

(b) For a preliminary and permanent injunction requiring Defendant's, agents, employees and other persons acting in concert with or for them to cease and

desist the infringing reproduction of Plaintiff's Copyrighted Works, to destroy any infringing copies of the Copyrighted Works in the possession of the Defendant, including without limitation any infringing copies of the cds, videos or trailers in which the Copyrighted Works appear or have been used.

(c) For an award at the election of Plaintiff of either (i) actual damages and the profits derived by Defendants as a result of it's infringing activities, pursuant to 17 U.S.C. § 504 (b), or (ii) statutory damages in the maximum amount of One Hundred and Fifty Thousand Dollars ($150,000.00) for each infringement with the respect to Plaintiffs Copyrighted Works pursuant to 17 U.S.C. § 504 (c).

(d) For an award of costs of this action including reasonable attorney fees and expert witness fees.

(e)   For such other and further relief as the Court may deem just and proper.

Dated:   March 23, 2018

Respectfully submitted  by: _/s/ Peter F. Musielski___
                              PETER F. MUSIELSKI,
                              Bar #82486

                              Attorney for Plaintiff, Lela Weems by her attorney in fact, UBIQUITY RECORDINGS INC.,

                              Peter F. Musielski
                              7700 Irvine Center Drive
                              Suite 800
                              Irvine, California 92618
                              714-558-1773 Fax 714-599-9073
                              email: musielskilaw@yahoo.com

COMPLAINT FOR COPYRIGHT INFRINGEMENT